UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY PATTERSON,

Petitioner,

Case Number: 15-12431
HONORABLE AVERN COHN

v.

JEFF WOODS,

Respondent.
__________________________________/

**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (Doc. 5)
AND
ADMINISTRATIVELY CLOSING CASE**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Terry Patterson (Petitioner) is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner was convicted in St. Clair County Circuit Court of assault with intent to commit murder, conspiracy to commit first-degree premeditated murder, and several other felonies. Petitioner was a juvenile at the time the offenses were committed, but was sentenced as an adult to parolable life sentences for the assault with intent to commit murder and conspiracy to commit murder convictions. He has filed a pro se petition for a writ of habeas corpus challenging these sentences on the ground that, under Michigan law, parolable life is materially indistinguishable from life without parole, and, therefore, his sentences are unconstitutional under Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, — U.S. —, 132 S. Ct. 2455 (2012).

Before the Court is Petitioner's motion to stay proceedings and hold his petition

in abeyance to permit him to exhaust this claim by completing his post-conviction proceedings in state court. For the reasons that follow, the motion will be granted.

**II. Background**

Petitioner was convicted following a jury trial in St. Clair County Circuit Court of assault with intent to commit murder, armed robbery, conspiracy to commit first-degree premeditated murder, conspiracy to commit armed robbery, receiving and concealing stolen firearms, and possession of a firearm during the commission of a felony. He was sixteen years old at the time of the offenses. The trial court sentenced him as an adult to the following terms of imprisonment: parolable life for the assault and conspiracy to commit murder convictions, forty to sixty years for the armed robbery conviction, twenty to sixty years for the conspiracy to commit armed robbery conviction, six to ten years for the receiving and concealing stolen firearms conviction, and two years for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising several issues, including a claim that the trial court abused its discretion under state law in sentencing him as an adult rather than a juvenile. The Michigan Court of Appeals affirmed Petitioner's convictions, but vacated Petitioner's sentences and remanded to the trial court because the trial court failed to hold a hearing to determine whether Petitioner should be sentenced as an adult or a juvenile as required by state law. People v. Patterson, No. 199246, 1998 WL 1989753, *3 (Mich. Ct. App. Sept. 18, 1998). On remand, after the required hearing, the trial court resentenced Petitioner as an adult and imposed the same sentence previously given. The Michigan Court of Appeals affirmed the sentence. People v. Patterson, No. 199246, 1999 WL 33326820 (Mich. Ct.

App. Dec. 17, 1999). According to Petitioner, his application for leave to appeal to the Michigan Supreme Court was rejected because it was not timely filed.

On June 25, 2013, Petitioner filed a post-conviction motion for relief from judgment with the St. Clair County Circuit Court, challenging his life sentence. The trial court denied the motion. People v. Patterson, No. 96-001371-FC (St. Clair County Circuit Court, August 13, 2014). The Michigan Court of Appeals denied Petitioner's application for leave to appeal. People v. Patterson, No. 325995 (Mich. Ct. App. April 30, 2015). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which remains pending in that court.

**III. Discussion**

Petitioner asks this Court to hold his petition in abeyance pending while he exhausts his available state court remedies. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). To exhaust a habeas claim in state court, a petitioner must "'present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" Hruby v. Wilson, 494 F. App'x 514, 517 (6th Cir. 2012) (quoting Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984)). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Wagner v. Smith, 581 F.3d 410,

414 (6th Cir. 2009) (citing Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner's claim is unexhausted because it remains pending before the Michigan Supreme Court. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims, the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). A district court should stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. See Griffin v. Rogers, 308 F.3d 647, 652 & 652 n. 1 (6th Cir. 2002).

Petitioner has reasons to be concerned about the statute of limitations under 28 U.S.C. § 2244(d)(1). Petitioner filed his motion for relief from judgment in the trial court on June 25, 2012. Assuming that the appropriate trigger date for the limitations period is June 25, 2012, the day the Supreme Court issued its decision in Miller v. Alabama, Petitioner has no time remaining on the limitations period. If the Court dismisses the present petition without prejudice, it would be virtually impossible for Petitioner to return to this Court to file a new petition after exhausting his state court remedies. Petitioner's claim is not "plainly meritless," and he has shown good cause for failing previously to raise this claim because the Supreme Court's ruling in Miller was not available at the

time of Petitioner's direct appeal. Finally, it does not appear that Petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 278.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting state court remedies, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. See id. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

## IV. Conclusion

Accordingly, Petitioner's to stay proceedings is GRANTED. This case is STAYED and further proceedings in this matter are held in ABEYANCE. Petitioner shall file a motion to lift the stay in this Court within sixty (60) days after the conclusion of the state court proceedings.

To avoid administrative difficulties, the Clerk shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2015
Detroit, Michigan