UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY PATTERSON, # 252655,

                 Petitioner,                Case Number: 1:15-cv-12431
                                                  Honorable Thomas L. Ludington

v.

JEFF WOODS,

                 Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING
LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Terry Patterson, a Michigan prisoner, is serving two parolable life sentences for conspiracy to commit first-degree murder and assault with intent to commit murder. Patterson was sixteen years old at the time of the offenses. He now seeks a writ of habeas corpus under 28 U.S.C. § 2254. Patterson argues that his parolable life sentences violate the Eighth Amendment's prohibition on cruel and unusual punishment and that his failure to raise this claim on state-court direct appeal should be excused because it is based upon new rules of law that apply retroactively. For the reasons set forth, the petition will be denied and a certificate of appealability will not be issued.

**I.**

The evidence presented at trial showed that on March 16, 1996, Patterson and one of his two co-defendants, Justin Rose robbed a general store in St. Clair County. The store owner, Dale Reusser, was shot in the head. Reusser survived, but suffered serious mental

and physical impairment.   The Michigan Court of Appeals further summarized the evidence implicating Patterson:

> Numerous witnesses testified regarding defendant's planning of the robbery about a week before the robbery occurred, defendant's statement that guns were needed for the robbery so that no witnesses would be left behind, defendant's participation in stealing the guns prior to the robbery and hiding the guns thereafter, and defendant's admission after the crimes that he had robbed the store and had shot the store employee. Moreover, another witness identified defendant Patterson as one of the two people she saw behind the counter in the store on the night of the robbery.

*People v. Patterson*, No. 199246, 1998 WL 1989753, at *2 (Mich. Ct. App. Sept. 18, 1998).

Following a jury trial in St. Clair County Circuit Court, Patterson was convicted of conspiracy to commit first-degree murder, Mich. Comp. Laws §§ 750.316(1)(a) & 750.157a, assault with intent to murder, Mich. Comp. Laws § 750.83, armed robbery, Mich. Comp. Laws § 750.529, conspiracy to commit armed robbery, Mich. Comp. Laws §§ 750.529 & 750.157a, receiving and concealing stolen firearms, Mich. Comp. Laws § 750.535, and felony firearm, Mich. Comp. Laws § 750.227b.  On March 8, 1999, the trial court sentenced him to concurrent sentences of parolable life for conspiracy to commit first-degree murder and assault with intent to commit murder, 40 to 60 years for armed robbery, 20 to 60 years for conspiracy to commit armed robbery, 6 to 10 years for receiving and concealing stolen property, and a two-year consecutive sentence for felony-firearm.

Patterson appealed his convictions to the Michigan Court of Appeals, seeking relief on these grounds: (1) the trial court abused its discretion by denying motion for severance; (2) insufficient evidence supported Patterson's convictions; (3) the trial court improperly

denied request for jury instruction on lesser included offense; (4) the trial court abused its discretion by sentencing Patterson as an adult rather than a juvenile; and (5) the sentence violated the principle of proportionality. The Michigan Court of Appeals affirmed Patterson's convictions, but remanded the case to the trial court because the court failed to hold a hearing as required by Mich. Comp. Laws § 769.1(3) and Mich. Ct. Rule 6.931(E)(3) before sentencing Patterson as an adult. *People v. Patterson*, No. 199246, 1998 WL 1989753, *3 (Mich. Ct. App. Sept. 18, 1998).

On remand, the trial court held a resentencing proceeding to consider on the record the relevant criteria to determine whether Patterson should be sentenced as an adult. After considering the evidence the trial court was "convinced beyond any doubt whatsoever that … it's necessary and required that the sentencing of Terry Patterson take place in the confines of the Adult System." (ECF No. 15-14, PageID.1820-21.) The court sentenced Patterson to the same sentence originally imposed. (*Id.* at PageID.1826-27.)

Patterson returned to the Michigan Court of Appeals and filed a supplemental brief, raising these claims: (1) the trial court failed to conduct the juvenile dispositional hearing as ordered by the court; (2) the trial court abused its discretion by determining that Patterson should be sentenced as an adult; (3) the sentence imposed violates the principle of proportionality; and (4) the trial court judge erred by failing to recuse himself before the resentencing proceeding. The Michigan Court of Appeals affirmed Patterson's sentences. *People v. Patterson*, No. 199246, 1999 WL 33326820 (Mich. Ct. App. Dec. 17, 1999).

Patterson's application for leave to appeal in the Michigan Supreme Court was rejected for filing because it was not filed within the 56-day time limit.  (ECF No. 15-17.)

In June 2013, Patterson filed a motion for relief from judgment in the trial court. He claimed that under *Miller v. Alabama*, 567 U.S. 460 (2012), his "mandatory" life sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment.  The trial court denied the motion because *Miller* applied to sentences of mandatory life without parole for juvenile offenders, not, as in Patterson's case, juvenile offenders sentenced to *parolable* life.  (ECF No. 15-18, PageID.2048-2053.)  The Michigan Court of Appeals denied Patterson's application for leave to appeal, *People v. Patterson*, No. 325995 (Mich. Ct. App. Apr. 30, 2015), as did the Michigan Supreme Court.  *People v. Patterson*, 499 Mich. 913 (Mich. May 2, 2016).

Patterson then filed this habeas petition.  He raises these claims:

I.    Are Patterson's life sentences unconstitutional under the Eighth Amendment's prohibition on cruel and unusual punishment in light of the United States Supreme Court's holdings in *Graham v. Florida* and *Miller v. Alabama*?

II.    Did Patterson show "good cause" and "actual prejudice" for failing to raise his Eighth Amendment claim under *Graham* and *Miller* on direct appeal on the basis of new rules of laws that apply retroactively on collateral review?

## II.

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664

- 5 -

(2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* at 102.  Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law."  *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.*  Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

### A.

Respondent argues that the habeas petition was filed after the expiration of the one-year limitations period.  A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1).  A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- 6 -

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent maintains that the one-year limitations period should be measured from the date Patterson's convictions became final. 28 U.S.C. § 2244(d)(1)(A). Patterson argues that the starting date should be measured from the date the constitutional right relied on to support his claim was originally recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

Patterson argues that his petition is timely under § 2244(d)(1)(C) because it is based on a retroactive change in the law as held in *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama,* 567 U.S. 640 (2012).  However, neither of these cases is applicable to Patterson's circumstances.  In *Graham v. Florida*, the Court concluded that the Eighth Amendment bars mandatory sentences of life without parole for juvenile offenders who commit non-homicide offenses. 560 U.S. at 74-75.  In *Miller v. Alabama*, the Supreme Court held that the mandatory imposition of a life without parole sentence on juvenile offenders is cruel and unusual punishment.  *Id.* at 465.

- 7 -

Under Michigan law, certain lifetime sentences are ineligible for parole. Michigan

Compiled Laws § 791.234(6) provides:

> (6) A prisoner sentenced to imprisonment for life for any of the following is not eligible for parole…:
>> (a) First degree murder in violation of section 316 of the Michigan penal code, 1931 PA 328, MCL 750.316.
>> (b) A violation of section 16(5) or 18(7) of the Michigan penal code, 1931 PA 328, MCL 750.16 and 750.18.
>> (c) A violation of chapter XXXIII of the Michigan penal code, 1931 PA 328, MCL 750.200 to 750.212a.
>> (d) A violation of section 17764(7) of the public health code, 1978 PA 368, MCL 333.17764.
>> (e) First degree criminal sexual conduct in violation of section 520b(2)(c) of the Michigan penal code, 1931 PA 328, MCL 750.520b.
>> (f) Any other violation for which parole eligibility is expressly denied under state law.

M.C.L. § 791.234(6).[1]

Other lifetime sentences are eligible for parole. Michigan Compiled Laws § 791.234(7) provides:

> …[A] prisoner sentenced to imprisonment for life, other than a prisoner described in subsection (6), is subject to the jurisdiction of the parole board and may be placed on parole according to the conditions prescribed in subsection (8) if he or she meets any of the following criteria:
>> (a) Except as provided in subdivision (b) or (c), the prisoner has served 10 calendar years of the sentence for a crime committed before October 1, 1992 or 15 calendar years of the sentence for a crime committed on or after October 1, 1992.

---

[1] The Michigan Court of Appeals has deemed M.C.L. § 791.234(6)(a) unconstitutional following the Supreme Court's decision in *Miller v. Alabama. People v. Carp*, 298 Mich. App. 472, 538 (2012) ("[W]e find that MCL 791.234(6)(a) is unconstitutional as currently written and applied to juvenile homicide offenders. When sentencing a juvenile, defined now as an individual below 18 years of age for a homicide offense, the sentencing court must, at the time of sentencing, evaluate and review those characteristics of youth and the circumstances of the offense as delineated in *Miller* and this opinion in determining whether following the imposition of a life sentence the juvenile is to be deemed eligible or not eligible for parole.")

(b) Except as provided in subsection (12), the prisoner has served 20 calendar years of a sentence for violating, or attempting or conspiring to violate, section 7401(2)(a)(*i*) of the public health code, 1978 PA 368, MCL 333.7401, and has another conviction for a serious crime.

(c) Except as provided in subsection (12), the prisoner has served 17- ½ calendar years of the sentence for violating, or attempting or conspiring to violate, section 7401(2)(a)(*i*) of the public health code, 1978 PA 368, MCL 333.7401, and does not have another conviction for a serious crime.

M.C.L. § 791.234(7)

Patterson did *not* receive a non-parolable life sentence.  He was sentenced to life with the possibility of parole.  Neither *Graham* nor *Miller* restrains a sentencing court's ability to sentence a juvenile offender to life with parole.  *See Graham*, 560 U.S. at 75 ("A State is not required to guarantee eventual freedom to a juvenile offender…"); *Atkins v. Crowell*, 945 F.3d 476, 478 (6th Cir. 2019) ("*Miller's* holding simply does not cover a lengthy term of imprisonment that falls short of life without parole.").

The one-year limitations period is thus measured from the date Patterson's convictions became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  The Michigan Court of Appeals affirmed Patterson's convictions on December 17, 1999.  The Michigan Supreme Court rejected his application for leave to appeal because it was untimely.  (*See* ECF No. 15-17.) Patterson appealed his conviction to the Michigan Court of Appeals, but not to the Michigan Supreme Court because his application for leave to appeal was rejected as untimely.  (*See* ECF 5-24.)  A defendant has fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal to the Michigan

- 9 -

Supreme Court. *See* Michigan Court Rule 7.302(C)(3).  The Michigan Court of Appeals affirmed Patterson's convictions on December 17, 1999.  *See Patterson*, 1999 WL 33326820, \*1.  Patterson's convictions became final when the time for seeking review to the Michigan Supreme Court expired -- February 12, 2000.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").  The one-year limitations period commenced the following day, on February 13, 2000, and expired one year later on February 13, 2001.  Patterson filed a post-conviction motion with the state court on June 2013, well after the one-year limitations period expired.  A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (a properly-filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run).  Under § 2244(d)(1)(A), the petition is untimely.

Finally, Patterson does not allege nor does the record support that he is entitled to equitable tolling of the limitations period.

## B.

Alternatively, even if Patterson's untimeliness is excused, Patterson is not entitled to relief on the merits.  The state court held that Patterson's sentence did not violate *Miller* because, as discussed, Patterson was not sentenced to life without possibility of parole.

- 10 -

(*See* ECF No. 15-18, PageID.2052.)   The state court's decision is not contrary to, or an unreasonable application of, Supreme Court precedent.

First, a decision is "contrary to" Supreme Court precedent only if "'the state court applies a rule different from the governing law set forth in' the Supreme Court's decision, 'or if it decides a case differently than [the] Court has done on a set of materially indistinguishable facts.'" *Atkins*, 945 F.3d at 478  (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002))  *Miller* and *Graham* concerns only life-without-parole sentences.  *Id.*  The facts of Patterson's case (life with the possibility of parole) are materially distinguishable from the facts of *Miller* and *Graham* (no possibility of parole).  The state court's decision was not contrary to *Miller* or *Graham*.

The state court's decision also was not an unreasonable application of *Miller*.  The Supreme Court has not held, in *Miller*, *Graham* or any other case, that the Eighth Amendment prohibits a juvenile from receiving a sentence which leaves him eligible for parole only very late in life or which makes his release on parole unlikely but not impossible.  *See Starks v. Easterling*, 659 F. App'x 277, 280-81 (6th Cir. 2015) ("The Supreme Court has not yet explicitly held that the Eighth Amendment extends to juvenile sentences that are the functional equivalent of life [without parole]."); *Bunch v. Smith*, 685 F.3d 546, 550 (6th Cir. 2012) (holding that *Graham* did not apply to consecutive, fixed-term sentences for multiple nonhomicide offenses which may result in the functional equivalent of life without parole).  In fact, the Supreme Court regarded a "lifetime prison term *with* the possibility of parole" as a constitutional alternative to non-parolable life in

- 11 -

*Miller.  See Miller,* 567 U.S. at 489 (emphasis in original).  Application of *Miller* and *Graham* to a case involving a sentence of life with the possibility of parole would require an extension of that precedent.  *Atkins*, 945 F.3d at 479.  A state decision cannot have unreasonably applied a Supreme Court precedent if, as in this case, a habeas petitioner needs a federal court "to extend that precedent" to obtain relief.  *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 426 (2014)).

Patterson fails to show the state court's denial of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

## IV.

Before Patterson may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See id.*

In this case, reasonable jurists would not debate the conclusion that the petition is untimely and fails to state a claim upon which habeas corpus relief should be granted. The Court declines to issue a certificate of appealability.

**V.**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus and a certificate of appealability are **DENIED**.

It is further **ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: June 16, 2020                                   s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Terry Patterson #**252655, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784 by first class U.S. mail on June 16, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager